## NO. 24-10594

### IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

MARCUS THORNTON,

*Plaintiff-Appellant*

v.

UNIVERSITY OF TEXAS SOUTHWESTERN
MEDICAL CENTER SCHOOL OF MEDICINE

*Defendant - Appellee*

On Appeal from the United States District Court for the Northern District of
Texas – Dallas Division, USDC No. 3:22-CV-02079

## APPELLANT'S BRIEF

Dated: September 3, 2024

 Kennard Law P.C.

  /s/ *Alfonso Kennard Jr.*
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D. ID 713316
**Eddie Hodges Jr.**
Texas Bar No.: 241165
Federal I.D.: 3479748
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Alfonso.Kennard@kennardlaw.com
filings@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this court may evaluate possible disqualification or recusal.

**A. Parties:**

Plaintiff/Appellant:          Marcus Thornton

Defendant/Appellee:          The University of Texas Southwestern Medical Center

**B. Attorneys:**

Plaintiff/Appellant:

> **Alfonso Kennard, Jr.**
> **Eddie Hodges Jr.**
> 5120 Woodway Dr., Suite 10010
> Houston, Texas 77056
> Tel: (713) 742-0900
> Fax: (713) 742-0951
> alfonso.kennard@kennardlaw.com
> filings@kennardlaw.com
> eddie.hodges@kennardlaw.com

Defendant/Appellee:

> **KEN PAXTON**
> Attorney General of Texas
> **BRENT WEBSTER**
> First Assistant Attorney General
> **GRANT DORFMAN**
> Deputy First Assistant Attorney General
> **SHAWN COWLES**
> Deputy Attorney General for Civil Litigation
> **CHRISTOPHER D. HILTON**
> Chief for General Litigation Division

ii

**Jameson C. Joyce**
Assistant Attorney General
Office of the Attorney General
General Litigation Division
209 W.14th Street, 6th Floor
Austin, Texas 78701
512.475.4088 *(t)*
512.477.2348 *(f)*
Jameson.Joyce@oag.texas.gov

  */s/ Alfonso Kennard Jr.*
**Alfonso Kennard Jr.**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, Marcus Thornton, Plaintiff-Appellant requests that the Court hear oral argument in this case, if it becomes necessary. This case meets the standards in Federal Rule 34(a)(2) for oral argument, in that this appeal is not frivolous, and as described in the accompanying memorandum, the decisional process would be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.................................................... ii

STATEMENT REGARDING ORAL ARGUMENT........................................ iii

TABLE OF CONTENTS............................................................... iv

TABLE OF AUTHORITIES...............................................................v

JURISDICTIONAL STATEMENT .......................................................2

STATEMENT OF THE CASE ..........................................................3

ISSUES PRESENTED .................................................................5

    1.   Whether the District Court erred in dismissing Appellant's race discrimination claims when it found "Appellant's failure to identify a comparator is fatal to his claim of racial discrimination," given that Appellant provided factual allegations that similarly situated non-African American employees exist satisfying his pleading requirements under Title VII, which warrants Appellant the opportunity for discovery to uncover evidence to satisfy his burden of proof? .........................5

    2.   Whether the District Court erred in dismissing Appellant's retaliation claims, when it found "Appellant's failure to plead adequate facts to show causation is fatal to his claim of retaliation," given that there was a five-month temporal proximity between Appellant's protected activity and his termination, the decisionmaker had actual knowledge of the protected activity and changed its posture towards Plaintiff upon return from leave; and facts or evidence of Defendant's intentions should be uncovered through discovery and argued at the summary judgment stage? ......................................................6

STATEMENT OF FACTS..............................................................6

STANDARD OF REVIEW ............................................................10

SUMMARY OF ARGUMENT ........................................................10

ARGUMENT ........................................................................12

    **I.   THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RACE DISCRIMINATION.**................12

        **A. Appellant's Amended Complaint Plausibly Pled a Claim of Race Discrimination under Title VII Because Appellant identifies the Existence of Similarly-Situated Non-African Employees with the Same Supervisor, Which can be Uncovered Through Discovery.** .............................12

**II. THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RETALIATION.**...................................16

    **A. Appellant Plausibly Pled a Claim of Retaliation Because the Decisionmaker, Dr. Horton, had Knowledge of Appellant's Previous Internal Complaints and Decided not to Allow Appellant to Return-to-Work Because of Appellant's Previous Complaints.** ...................................16

CONCLUSION................................................................................................22

PRAYER .........................................................................................................22

CERTIFICATE OF COMPLIANCE.................................................................23

CERTIFICATE OF SERVICE..........................................................................24

## TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGE(S)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)……………………………………………...………… 16

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007)……………………………..……………..……………19

*Briceno-Belmontes v. Coastal Bend Coll.*,
No. 2:20-CV-00114, 2022 WL 673854 (S.D. Tex. Mar. 5, 2022)…... 16, 17, 18, 20

*Chhim v. Univ. of Texas at Austin* ,
836 F.3d 467 (5th Cir. 2016)………………………………..…...............14, 15

*Cicalese v. Univ. of Tex. Med. Branch*,
924 F.3d 762 (5th Cir. 2019)………………………………..…..13, 14, 15, 18

*Evans v. Hous.*,
246 F.3d 344 (5th Cir. 2001)………….………………………….…..... 20

*Lee v. Kansas City S. Ry. Co.*,
574 F.3d 253 (5th Cir. 2009)……………………..……………………… 15

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)…………..…………….………………….….. 13

*Medina v. Ramsey Steel Co.*,
238 F.3d 674 (5th Cir.2001)…………..……………..…………………… 18, 19, 20

*Olivarez v. T-Mobile USA, Inc.*,
997 F.3d 595 (5th Cir. 2021)………………..………………………………… 13

*Raggs v. Miss. Power & Light Co.*,
278 F.3d 463 (5th Cir. 2002) …………..……………………….………..… 16

*Robinson v. Our Lady of the Lake Reg'l Med. Center, Inc.*,
535 F. App'x 348 (5th Cir. 2013) …....…………..…………………… 16, 17, 19

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002)………..……………..……..……………………………… 13

*Wright v. Union Pac. R.R. Co.*,
990 F.3d 428 (5th Cir. 2021)………..…………..…………………………… 18, 22

*Zamora v. City Of Houston*,
798 F.3d 326 (5th Cir. 2015)……………………..…………………………… 19

## RULES AND STATUTES

- FED. R. APP. P. RULE 28
- 5TH CIR. R. 27.1.6
- FED. R. CIV. P. RULE 12(B)(1)
- FED. R. CIV. P. RULE 12(B)(6)
- FED. R. CIV. P. RULE 8(A)
- FED. R. CIV. P. RULE 59(E)
- 42 U.S.C. § 2000(E)(2) – TITLE VII DISCRIMINATION
- 42 U.S.C. § 2000(E)(3) – RETALIATION

NO. 24-10594

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

MARCUS THORNTON,

*Plaintiff-Appellant*

v.

UNIVERSITY OF TEXAS SOUTHWESTERN
MEDICAL CENTER SCHOOL OF MEDICINE

*Defendant - Appellee*

On Appeal from the United States District Court for the Northern District of
Texas – Dallas Division, USDC No. 3:22-CV-02079

**APPELLANT'S BRIEF**

Appellant, Marcus Thornton, files this brief pursuant to Federal Rules of
Appellate Procedure 28. Appellee's 12(b)(6) Motion to Dismiss was improperly
granted by the District Court because the lower court found that Appellant failed to
plead specific facts regarding: (1) allegations of similarly situated comparators to
establish race discrimination; and (2) allegations to a support a reasonable inference
that Defendant terminated Plaintiff because of his protected activity. The District
Court erred in its decision to grant the Motion to Dismiss because the District Court

did not limit itself to determining whether Complaint gave Appellee fair notice of violations of federal law. Instead, the District Court, cited cases on summary judgment and made several determinations that, without discovery, Appellant was required to produce more factual allegations (which could only be uncovered through discovery if Plaintiff is unaware of comparator(s)' names) regarding the actual names of non-African American similarly situated employees. Plaintiff has alleged he was retaliated against by Appellee for engaging in protected activity. The District Court erred when it required Appellant to satisfy a higher pleading burden and substantiate his claims with evidence at the pleading stage. Therefore, we respectfully ask this Court to **REVERSE** the decision of the District Court and **REMAND** the case back to the District Court with instructions to **VACATE** the Order [Dkt. 39] granting Appellee's Motion to Dismiss and allow the case to proceed with initial case discovery.

## <u>JURISDICTIONAL STATEMENT</u>

Marcus Thornton ("Mr. Thornton/Appellant") appeals from the Order granting Appellee's 12(b)(6) and 12(c) Motion to Dismiss on May 29, 2024.

The Order was entered by the Honorable Judge David C. Godbey in the United States District Court for the Northern District of Texas – Dallas Division. On June 28, 2024, Appellant timely filed a notice of appeal. The Fifth Circuit docketed this

appeal and gave notice that Appellant's brief was due on September 3, 2024.
Appellant now timely files this Appellant brief.

## STATEMENT OF THE CASE

Appellant filed this appeal after the District Court granted Appellee's 12(b)(6)
Motion to Dismiss. ROA.272-280. After considering the pleadings, and applicable
law, the Honorable Judge granted Appellee's Motion to Dismiss because
"Appellant's failure to identify a comparator was fatal to his claim of racial
discrimination;" and "Appellant did not plead any facts that are legally sufficient to
support his claim that his protected activity caused UTSW to terminate his
employment." ROA.272-279.

On September 19, 2022, Appellant filed suit against the Appellees asserting
Complaint under Title VII, alleging race discrimination, and retaliation 42 U.S.C. §
2000e-2(a); 29 USCS § 621 *et seq*; 42 U.S.C. § 2000e-(3); 29 U.S.C. § 794. ROA.7-
15.

On April 13, 2023, Appellee filed their Motion for Judgment on the pleadings.
ROA.72-127. On July 26, 2023, the District Court granted Defendant's Motion and
Ordered Appellant to file an Amended Complaint within thirty (30) days. ROA.132-
139.

On August 25, 2023, Appellant filed his first Amended Complaint. ROA.140-
151.

On September 8, 2023, Appellee filed a 12(b)(6) Motion to Dismiss the Amended Complaint for failing to plead sufficient similarities to his comparators and for failure to plead facts of a causal connection between Appellant's protected activity and his termination, in which Appellant opposed in subsequent briefing. ROA.158-195, ROA.247-262, ROA.263-271.

On July 14, 2023 the District Court granted Appellee's 12(b)(6) Motion to Dismiss dismissing Appellant's claims (race discrimination and retaliation) with prejudice. ROA.272-280. Specifically, the District Court found that Plaintiff had not submitted enough factual allegations regarding similarly situated comparators and Plaintiff failed to provide facts to reasonably infer causal connection because five-month gap is too remote, and therefore, he has not made enough factual allegations concerning the causal link between his protected activity and his termination." ROA.274-278.

Without any discovery, the District Court erroneously found that Appellant failed to provide enough factual allegations to a support a reasonable inference that similarly situated comparators exist (i.e. non-African American employees with the same supervisor and position). ROA.274-278. Instead, the District Court made several determinations that, without discovery, Appellant was required to produce more factual allegations (which could only be uncovered through discovery) that

Appellee terminated Appellant based on his protected class (race) and retaliated against Appellee for engaging in protected activity. ROA.274-278.

Appellant now files this Appeal respectfully requesting this Court **REMAND** this Case back to the District Court and **VACATE** the Dismissal Order because the District Court erred in granting the 12(b)(6) Motion to Dismiss.

## ISSUES PRESENTED

1. Whether the District Court erred in dismissing Appellant's race discrimination claims when it found "Appellant's failure to identify a comparator is fatal to his claim of racial discrimination," given that Appellant provided factual allegations that similarly situated non-African American employees exist satisfying his pleading requirements under Title VII, which warrants Appellant the opportunity for discovery to uncover evidence to satisfy his burden of proof?

2. Whether the District Court erred in dismissing Appellant's retaliation claims, when it found "Appellant's failure to plead adequate facts to show causation is fatal to his claim of retaliation," given that there was a five-month temporal proximity between Appellant's protected activity and his termination, the decisionmaker had actual knowledge of the protected activity and changed its posture towards Plaintiff upon return from leave; and facts or evidence of Defendant's intentions should be uncovered through discovery and argued at the summary judgment stage?

## STATEMENT OF FACTS

Appellant, Marcus Thornton, was hired by Appellee, University of Texas Southwestern Medical Center ("Appellee" or "UTSW") as a Research Associate on June 15, 2015. ROA.142. Appellant was an exemplary employee with no disciplinary or performance issues from June 15, 2015 – November 13, 2017. ROA.142.

Starting in April 2016, Appellant filed several complaints against his manager, Ms. Norma Anderson (hereinafter "Ms. Anderson") (Caucasian) with management for the hostile work environment and discriminatory treatment he received; and reported it directly to Dr. Jay Horton (hereinafter "Dr. Horton") the Director of the Center for Human Nutrition. ROA.142.

Appellant identifies he engaged in protected activity eight (8) times during his employment by filing an internal complaints regarding the racially hostile work environment. ROA.142-148. On one instance, Appellant alleges his supervisor, Ms. Anderson drew a diagram on the white board, depicting Appellant as a black stick-figurine with the caption "Why sad? No one loves him. Y u no hpy?" And on other occasions Ms. Anderson purposely hid Thornton's lab coat, continuously failed to order his supplies, and refused to release work assignments to him. ROA. 142-144. In addition to this humiliation Ms. Anderson made defamatory comments about him to his colleagues including outside vendors. ROA. 142-144.

In January 2017, Appellant escalated his previous complaints to UT Southwestern's Division of Equal Opportunity. In February 2017, Appellant reached out to Dr. Horton and complained that Dr. Horton would never respond, and Appellant told Dr. Horton that "I even stopped filing complaints because of you." Still, Thornton was unable to illicit any help from his Director, Dr. Horton (who was Ms. Anderson's supervisor). ROA. 142-144. In February 2017, Appellant also filed a complaint with Aboubakrine Sow and Frank G. Merlino, the Senior Employee Relations Representatives, and majority of Appellant's initial complaints were emailed to Dr. Jay Horton. ROA. 142-144. Appellant alleges Appellee, by and through their agents, failed to investigate Appellant's complaints. ROA. 142-144.

In June 2017, Appellant filed an internal complaint with Dr. Horton regarding a racially based hostile work environment fueled by Ms. Anderson. ROA.144. Appellant alleged he was retaliated against for filing several grievances against his superior, Ms. Anderson. ROA.144. Appellant alleges his work environment became so hostile it started to affect his overall health and he believed the discrimination was based on his race because his non-African American counterparts were not treated in a similar fashion. ROA.144. Appellant alleges he endured harassment and discrimination for years, and Appellee failed to act or protect their employees. ROA.144. The environment became so stressful that Appellant was forced to take medical leave to seek treatment for his anxiety and depression. ROA.144.

On August 24, 2017, Appellant filed for FMLA and was approved for FMLA leave from August 15, 2017 through October 30, 2017. According to the FMLA paperwork that he was provided, Appellant was "required to present a fitness to return to work notice to be restored to employment." ROA.144.

Upon the end of his leave period, Appellant's doctor did not release him to return to work, and Appellant gave notice to Appellee that he would return to work as soon as he received medical clearance from his doctor; as required by the FMLA leave. ROA.144.

On November 10, 2017, Appellant gave notice to Dr. Horton of his intent to return to work due to his return-to work notice. ROA.144-145. Dr. Horton gave

notice to Appellant not to return to work until Appellee made an official response. ROA.144-145. On November 13, 2017, waiting on an official response from UT, Appellant made a formal request for accommodation which was denied the same day by Appellee without engaging in the interactive process. ROA.144-146. Ultimately, the next day, on November 14, 2017, Appellant was terminated from his employment at UT Southwestern for "unavailability to work," even though Appellant gave direct notice of his willingness to return to work. ROA.144-146.

Appellant alleges Dr. Horton had direct knowledge of Appellant's intent to return to work on November 10, 2017 and was also aware of Appellant's ongoing internal complaints, but Dr. Horton denied Appellant the opportunity to return to work. ROA.144-146. Appellant alleges that Appellee made the decision to protect its employees, specifically, Ms. Anderson and Dr. Horton from any future complaints from Appellant. ROA.144-146. Appellant alleges he was terminated due to the discrimination he faced as an African American because he was treated differently and less favorably by Ms. Anderson and Dr. Horton than other similarly situated employees that were not African American, who will be identified through discovery. ROA.144-146.

Appellant alleges he was the only employee in his department who was not allowed to return to work after presenting a "fitness-to return notice;" and terminated for "unavailability." ROA.144-146. Appellant, did in fact give notice on November

10, 2017, that he was available to return to work, but Dr. Horton told him to not return until UT Southwestern made an official response. ROA.144-146. Under the same or similar circumstances, non-African American employees in his department have been allowed to return to work after presenting a "fitness-to-return notice;" and were not terminated under similar circumstances. ROA.144-146.

## STANDARD OF REVIEW

The standard of review in this case is *de novo. Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).

## SUMMARY OF ARGUMENT

Plaintiff filed his Amended Complaint under Title VII alleging race discrimination and retaliation under 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-(3).

The trial court erred when it granted Appellee's 12(b)(6) Motion to Dismiss and dismissed Appellant's claims with prejudice, by misapplying summary judgment standards at the pleading stage. Specifically, the District Court erred when it dismissed Appellant's race discrimination claim for failing to specifically identify his comparators, given that Plaintiff identified the existence of his comparators who can easily be uncovered through discovery. Appellant alleges he is aware of non-African Americans who were allowed to return to work after submitting their return-

to-work notice, which is a sufficient short and plain statement. Moreover, the District Court erred when it dismissed Appellant's retaliation claim when it found that Appellant had not submitted enough factual allegations to permit a reasonable inference of the causal link between Appellant's protected activity and his termination.

The District Court did not limit itself to determining whether the Amended Complaint gave Appellee fair notice of violations of federal law, but instead erred when it decided the case under evidentiary standards. The District Court erred when it made several determinations that, without discovery, Appellant was required to produced more factual allegations (which could only be uncovered through discovery) that Appellee terminated Appellant based on his protected class based on reasonable inferences of disparate treatment and that Appellee retaliated against him for engaging in protected activity. Even though, the District Court recognized five-month proximity is too remote in time between Appellant's termination and protected activity; the District Court erred when it took the inferential leap that no reasonable inferences could be made based on Appellant's facts, even though Appellant's termination occurred was administered by Dr. Horton who had direct knowledge of Appellant's ongoing complaints and the subject of some of the internal complaints. The change in attitude towards Appellant upon his return to work,

creates inferences that Dr. Horton was motivated to terminate Appellant based on the fact that Appellant filed multiple internal complaints prior to his FMLA leave.

In so holding, the District Court required a greater specificity of pleading from Appellant than is required under applicable authority and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary requirement applicable to a Rule 56 Motion for Summary Judgment. Therefore, Appellant alleges that the District Court erred in dismissing his race discrimination and retaliation claims under Title VII. Because Appellant pled sufficient facts to state a claim of discrimination and retaliation; these causes of action should be reinstated, and the District Court's Order of Dismissal must be **REVERSED, REMANDED, and VACATED for further proceedings**.

## ARGUMENT

## I.    THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RACE DISCRIMINATION.

**A.    Appellant's Amended Complaint Plausibly Pled a Claim of Race Discrimination under Title VII Because Appellant identifies the Existence of Similarly-Situated Non-African Employees with the Same Supervisor, Which can be Uncovered Through Discovery**.

We respectfully believe the District Court erred by holding Appellant to an improperly high pleading standard and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary

requirement applicable to a Rule 56 Motion for Summary Judgment. "At the Rule 12(b)(6) stage, [a court's] analysis of [a] Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*[.]" *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021).

Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Id.* (internal quotations omitted) (emphasis in original).Here, Appellant met this burden. Appellant's Amended Complaint alleges that his comparators (non-African American Research Associates under Dr. Horton and Ms. Anderson), who had the same job titles, responsibilities, and supervisors were treated more favorably, not subjected to harassment, and were not fired for similar circumstances (i.e. allowed to return to work after furnishing a medical release). Thus, Appellant adequately alleged that (i) he was subject to an adverse employment action—his termination—(ii) it was taken against him because of his protected status (i.e. discriminatory comments (based on race) by Ms. Anderson, or Dr. Horton by failing to intervene, and (iii) his comparators who are another race were not fired under similar circumstances, which is to be further uncovered through discovery. This meets the *Swierkiewicz* requirements. *See Cicalese v. Univ. of Texas Med. Branch*, 924

F.3d 762, 768 (5th Cir. 2019) ("The district court erred by holding [the plaintiffs] to a heightened pleading standard. The court's analysis of the complaint's allegations—scrutinizing whether [the plaintiffs'] fellow employees were really 'similarly situated' and whether [their superiors'] derogatory statements about Italians amounted to 'stray remarks'—was more suited to the summary judgment phase).

In its Memorandum & Order, the District Court found, "Plaintiff provides no factual allegations of similarly situated comparators." Similar to *Cicalese*, here the analysis of whether Appellant's allegations of similarly situated employees exists, and the District Court scrutinizing whether employees were really 'similarly situated' is more suited for the summary judgment phase to allow discovery to uncover these fact questions. *See Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019).

For race discrimination, based on the Amended Complaint, it can be reasonably inferred that Appellant has alleged he was treated differently from other employees because of her race because non-African American employees were not terminated for being "unavailable," after returning from FMLA leave. For the race discrimination claim, Appellant has pled there exists similarly situated employees outside this protected class that were treated more favorably. ROA.144-148. This is enough at the Rule 12(b)(6) stage. *Chhim v. Univ. of Texas at Austin* , 836 F.3d 467,

470 (5th Cir. 2016). Because whether employees "similarly situated" to Appellant is a question of law and faces a demanding standard in this Circuit, *see Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009), but that is for the Court to determine at the summary judgment stage. Appellant asked the Court for additional discovery to uncover evidence of similarly situated employees outside his protected class. Moreover, Appellant sufficiently alleged and created reasonable inferences that he suffered an adverse employment action because of his protected class, given that the decisionmakers displayed a discriminatory animus towards him based on his protected class. Appellant alleges that Ms. Anderson made constant racial remarks and created a racially hostile work environment, which Appellant was being consistently targeted; leading him to file multiple complaints in a small period of time. Clearly, the Fifth Circuit has required Courts to make these type of assessments, on whether Appellee improperly based its decision to terminate Appellant because of his protected class, on a summary judgment motion. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019).

Based on the District Court's err, Appellant has been denied the opportunity to gather evidence and depose individual decisionmakers to prove that improper criteria was used to make the decision to terminate his employment. To impose such a rigorous inquiry at the pleading stage, **when discovery has not occurred**, would make it nearly impossible to bring a circumstantial case of employment

15

discrimination. *Briceno-Belmontes v. Coastal Bend Coll*., No. 2:20-CV-00114, 2022 WL 673854, at *4 (S.D. Tex. Mar. 5, 2022).

As a result, it is clear that contrary to the District Court's holding, Appellant did in fact plead sufficient facts allowing the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Appellant provided a short and plain statement that similarly situated employees, exist, which is enough to allow specific discovery to uncover the identities of these employees. Therefore, we respectfully ask this Court to **VACATE** the Order dismissing Appellant's race discrimination claims and **REMAND** this case back to the District Court for further proceedings.

## II.    THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RETALIATION.

### A.    Appellant Plausibly Pled a Claim of Retaliation Because the Decisionmaker, Dr. Horton, had Knowledge of Appellant's Previous Internal Complaints and Decided not to Allow Appellant to Return-to-Work Because of Appellant's Previous Complaints.

In the Memorandum, the District Court cited *Robinson*, that "a time lapse of five months does not, without additional evidence of retaliation, establish causation." *Robinson v. Our Lady of the Lake Reg'l Med. Center, Inc.,* 535 F. App'x 348, 353 (5th Cir. 2013) (unpub.)(*citing Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 472 (5th Cir. 2002)). The District Court opined further that the only other allegation that Appellant has in support of causation is the fact that the UTSW

employee that terminated his employment had knowledge of his complaints and that without more does not infer a causal relationship to prove retaliation under Title VII. ROA.277-278.

Here, the only contention the District Court and Appellee had with Appellant's pleadings, regarding retaliation, is the last element of a Title VII retaliation claim which requires a showing of a causal connection between the protected activity and the adverse employment action. In *Robinson*, a case decided on summary judgment evidentiary standards, the 5th Circuit found the Plaintiff did not produce *sufficient evidence* of a causal connection and that five months and six months is not "very close" without the introduction of additional evidence of causation. *Robinson* at 535 F. App'x 348, 356 (5th Cir. 2013)(emphasis added). Unlike *Robinson*, Appellant has not been afforded the opportunity to produce additional *sufficient evidence*, which can be uncovered through discovery, such as depositions of the decisionmakers, to uncover their intent.

The District Court recognized that Appellant sufficiently alleged that the decisionmaker had knowledge of Appellant's protected activity at the time it made the decision to terminate Appellant. In *Briceno-Belmontes*, the Southern District denied a 12(b)(6) motion where the Plaintiff "did not identify in her Complaint who made the decision to terminate her employment, nor did she allege whether that person was aware of her allegedly protected complaint(s)." However, that District

Court found:

> "[A]t the pleading stage of a Title VII retaliation claim, a
> plaintiff need not make out a prima facie case of retaliation to survive
> a Rule **12**(**b**)(**6**) motion to dismiss. *Wright*, 990 F.3d at 433. Rather,
> she only needs to plausibly allege facts "going to the ultimate elements
> of the claim." *Id.* Plaintiff satisfies her pleading burden. Her protected
> activities are her two instances of internal complaints of national origin
> discrimination. It is uncontested that her firing was an adverse
> employment action. And, reading the facts alleged in the light most
> favorable to Briceno-Belmontes, the Court could reasonably infer that
> CBC terminated her because of her complaints of national origin
> discrimination. *Briceno-Belmontes,* at 6.

Here, Appellant met his pleading burden. Appellant alleges he made multiple
internal complaints, and he alleges that the decisionmakers had knowledge of his
protected activity. At the motion to dismiss stage, Appellant's history of multiple
internal complaints against Anderson and Dr. Horton (that were all pending at the
time of termination) with the additional allegation that Dr. Horton made the
decision to terminate Appellant. Coupled with the inference that Appellant went on
FMLA leave two months after his last protected activity, and employers minimize
their communication with employees while on leave, is enough to infer that the
employer had knowledge of Appellant's protected activity, and a distinguishable
fact to establish a "very close" temporal proximity. *See Cicalese v. Univ. of Texas
Med. Branch,* 924 F.3d 762, 768 (5th Cir. 2019); *Medina v. Ramsey Steel Co.*, 238
F.3d 674, 684 (5th Cir.2001)( Holding that a plaintiff can establish a causal link by
showing that "the employer's decision . . . was based in part on knowledge of the

employee's protected activity").

The key theme is that these cases, *Robinson* and *Medina* were both decided under summary judgment standards. The Fifth Circuit has held that a plaintiff can establish a causal link by showing that the employer's decision was based in part on knowledge of the employee's protected activity. Here, Plaintiff was not afforded the opportunity to produce additional evidence to support causation, yet reasonable inferences can be drawn that the decision was based in part on Dr. Horton's knowledge of Appellant's protected activity. At this stage, these reasonable inference should suffice to overcome a 12(b)(6) motion because Appellant has provided a short and plain statement and provided facts of the decisionmaker's knowledge of his protected activity.

After all, pleading enough facts to state a plausible claim of retaliation "simply calls for enough facts **to raise a reasonable expectation that discovery will reveal evidence**" sufficient to state a claim. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. (emphasis added).

Here, Appellant alleges discovery will reveal whether the decisionmaker(s) actual knowledge of Appellant's protected activity was the but-for cause of his termination, or if he can advance a cat's paw theory, or neither. *See, e.g., Zamora v. City Of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) ("Under [the cat's paw] theory, a plaintiff must establish that the person with a retaliatory motive somehow

influenced the decisionmaker to take the retaliatory action.").

Moreover, the proximity of Appellant's internal complaint in June 2017, his FMLA leave in August 2017, and the fact that Dr. Horton made the decision to not allow him to return to work from leave is enough, at this stage, to create an inference of causation. *See Medina v. Ramsey Steel Co* (denying summary judgment motion because the Plaintiff established a genuine issue of material fact that the employer's decision . . . was based in part on knowledge of the employee's protected activity); *See, Evans v. Hous.* , 246 F.3d 344, 354 (5th Cir. 2001) (noting that "a time lapse of up to four months" may be sufficiently close).

Again, in the Memorandum and Opinion, the District Court erred by analyzing Appellant's pleading burden by citing summary judgment cases. It follows then that the Fifth Circuit would foreclose subsequent protected activity, standing alone, from restarting the "temporal-proximity clock" after the plaintiff had the benefit of discovery. That is, it is logical that the Fifth Circuit would hold plaintiffs to a higher standard at the summary judge stage of a case—but at this stage, it is too much. The *Briceno-Belmontes* District Court considered the use of temporal proximity to satisfy the causation requirement under a Title VII retaliation claim and held at the Rule 12(b)(6) stage, unlike the cases cited by this Court, the *Briceno-Belmontes* Court looked at the First Circuit precedent explaining:

> The parties have directed us to no case dismissing a Title VII retaliation claim under Rule 12(b)(6) utilizing only a temporal analysis to defeat causation allegations. Once a complaint has alleged enough facts that retaliation for protected conduct is *plausible*, the plaintiff is entitled to proceed to discovery .... And discovery might unearth evidence of retaliation such that at summary judgment or trial, the plaintiff will not have to rely heavily on the "temporal proximity" between protected conduct and adverse actions to prove her case. *Citing Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15 (1st Cir. 2014).

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. Therefore, the District Court erred in dismissing Appellant's retaliation claim, based on lack of allegations as to causation because Appellant has sufficiently alleged the decisionmakers' knowledge of Appellant's protected activity, and is without the opportunity for discovery to uncover additional evidence to satisfy the burden of proof of a causal connection, which the District Court in err required at the pleading stage. Appellant pled sufficient facts showing a causal connection between his protected activity and his firing, given that Appellant was terminated by Dr. Horton who had actual knowledge of Appellant's protected activity and it is alleged Dr. Horton allowed other employees to return-to-work under the same or similar circumstances. It can be reasonably inferred that Dr. Horton made the decision to terminate Appellant based in part on his knowledge of Appellant's protected activity. Appellant's factual allegations of "very close" temporal proximity would permit the inference that Appellee fired him because of his protected activity, given that he went on leave

within two months of his last internal complaint and never returned. *See Wright*, 990 F.3d at 434. Therefore, we respectfully ask this Court to **VACATE** the Order dismissing Appellant's retaliation claims and **REMAND** this case back to the District Court for further proceedings.

## CONCLUSION

The District Court's holding is against the clear authority governing this case. Therefore, this Court should reverse the District Court's Order of Dismissal and Final Judgment entered by the District Court in favor of Defendant-Appellee. The specific reasons for dismissal, raised by the lower court, are fact-intensive inquiries that cannot be resolved at the pleading stage; therefore, Appellee's motions should have been **DENIED** to allow discovery to uncover evidence to support Appellant's burden of proof. Appellant respectfully asks the Court to **REVERSE** the district court's decision and remand with instructions to VACATE the ORDER granting the Motion to Dismiss. For these reasons, the trial court did err in granting each Appellee's 12(b)(6) Motion to Dismiss.

## PRAYER

WHEREFORE, premises considered, Appellant move the Court to **GRANT** this appeal and **REVERSE AND REMAND** the trial court's order granting each Appellee's Motion.

Dated: September 3, 2024                Respectfully Submitted,



    _/s/ *Alfonso Kennard Jr.*__
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal Bar ID 3479748
5120 Woodway Dr. Suite 10010
Houston, Texas 77057
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR APPELLANT**


### CERTIFICATE OF COMPLIANCE

As required by Tex. R. App. P. 9.4(i)(2)(B) and (3), I certify that the number of words in Appellant's Brief is 4,663 words. I relied on the computer program used to prepare the document for the word count.


    _/s/ *Alfonso Kennard Jr.*__
Alfonso Kennard, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance, via the Court's electronic filing system, on September 3, 2024.

_/s/ *Alfonso Kennard Jr.*_
Alfonso Kennard, Jr.